UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

_____
                                            )
WILDEARTH GUARDIANS; POWDER RIVER           )
BASIN RESOURCE COUNCIL; and                 )
SIERRA CLUB,                                )
                                            )
        Plaintiffs,                         )
v.                                          )   Case No.: 1:11-cv-03171-JLK-AP
                                            )   Honorable John L. Kane
UNITED STATES FOREST SERVICE;               )
THOMAS TIDWELL, in his official capacity as )
Chief of the United States Forest Service;  )
MARIBETH GUSTAFSON, in her official         )
capacity as the Acting Regional Forester of United )
States Forest Service; and GLENN CASAMASSA, )
 in his official capacity as the Acting Deputy )
Regional Forester of United States Forest Service, )
                                            )
        Federal Defendants.                 )
_____)

_____

**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE A SUR-REPLY**
_____

## TABLE OF CONTENTS

**INTRODUCTION**……………………………………………………………1

**Plaintiffs Fail to Establish that a Sur-Reply Should be Allowed Based on
a Case Cite**……………………………………………………………………1

**A Disagreement Over the Number of Comments Does
Not Justify a Sur-Reply** ……………………………………………………..2

**Plaintiffs Cannot Show that a Sur-Reply is Warranted to Discuss
Wyoming's Regulatory Role**…………………………………......…………...2

**CONCLUSION**……………………………………………………………4

**INTRODUCTION**

Plaintiffs seek leave to file a sur-reply to a reply brief in support of Federal Defendants' motion to transfer even though Plaintiffs' proposed filing does little to address the key issue of whether Wyoming or Colorado is the most appropriate venue for this case to be heard. Rather, Plaintiffs argue that a sur-reply is appropriate based on a disagreement as to: (1) a description in a case parenthetical; (2) Federal Defendants' computation of the number, and location, of commenters to the environmental decision documents; and (3) the role of Wyoming in regulating the project. Despite Plaintiffs' broad references to new facts and arguments as supporting a sur-reply, Plaintiffs' motion hinges on a dispute over characterizations, which provides little grounds for additional briefing on a transfer motion. Thus, Plaintiffs' motion for leave to file a sur-reply should be denied.

**I.   Plaintiffs Fail to Establish that a Sur-Reply Should be Allowed Based on a Case Cite**

Plaintiffs mistakenly argue that the sur-reply is warranted based on Federal Defendants' characterization in a parenthetical of a decision from this Court, *Friends of the Norbeck v. U.S. Forest Serv.*, No. 10-cv-2164-AP, 2010 WL 4137500 (D. Colo. Oct. 18, 2010) ("*Norbeck*"). As an initial matter, additional briefing is not warranted where, as here, the Court can independently review the *Norbeck* decision. Instead, Plaintiffs' sur-reply seeks to introduce additional exhibits — two administrative appeal decisions related to the *Norbeck* case. But as Plaintiffs' own exhibits demonstrate, one appeal decision has a Golden, Colorado letterhead, which is consistent with Federal Defendants' parenthetical, *see* ECF No. 18-3. There is thus no error justifying a sur-reply. In sum, Plaintiffs' request for a sur-reply based on a statement in a parenthetical about a decision of this Court is not well founded and should be rejected.

## II. A Disagreement Over the Number of Comments Does Not Justify A Sur-Reply

Plaintiffs contend that a sur-reply is warranted because Federal Defendants misstate the number of public comments from Wyoming and Colorado. Not so. Six comments related to the Forest Service's consent decision came from Wyoming and only one from Colorado (from Plaintiffs). *See* Declaration of Amy Ormseth at ¶ 3, attached hereto as Ex. A. In connection with the number of substantive comments on the Bureau of Land Management's ("BLM") Wright Area Final Environmental Impact Statement, there were three comments from residents of Wyoming and two comments from residents of Colorado for the FEIS. *Id.* at ¶ 4. While this number has been revised from four to three commenters, this minor calculation error does not warrant a sur-reply. For the Draft Environmental Impact Statement, there were nine comments from residents of Wyoming and three comments from residents of Colorado on the DEIS. *Id.* at ¶ 5. Despite Plaintiffs' suggestion to the contrary, Federal Defendants' calculation of the comments on the decision documents does not give occasion for a sur-reply.

Plaintiffs' proposed sur-reply merely repeats the comment tally provided in their opposition brief. *See* ECF No 16 at 11, 18 & ECF No. 16-1 Decl. of Jeremy Nichols at ¶¶ 9-10, 38. A sur-reply on this score is not only unwarranted but also largely redundant.

## III. Plaintiffs Cannot Show that a Sur-Reply is Warranted to Discuss Wyoming's Regulatory Role

Finally, Plaintiffs take issue with Federal Defendants' characterization of Wyoming's regulatory role. As an initial matter, there were no new arguments on this issue. Federal Defendants argued in their opening memorandum that Wyoming's role as regulator supported transfer. *See* ECF No. 6 at 9 (arguing that "presumption the localized controversies should be decided at home has particular resonance where, as here, the State of Wyoming. . . will have an active role in permitting, air quality and reclamation for the Project."). The introduction of an

2

affidavit in Federal Defendants' reply was in response to Plaintiffs' argument that this controversy was not local in character. *See Stander v. Gerardi,* Civ. No, 07-cv-02503, 2009 WL 4452117, at *8-*9 (D. Colo. Sept. 30, 2008) (arguments made in opening brief and later expanded in reply in response to plaintiffs' opposition do not provide grounds for a sur-reply).

Moreover, nothing in Plaintiffs' sur-reply challenges the basic point made in Federal Defendants' briefing: the localized nature of this controversy is evident in the regulatory role Wyoming plays in connection with the project. Rather, Plaintiffs make the unexceptional point that the relevant federal agencies retain some measure of oversight over Wyoming's Department of Environmental Quality ("WDEQ"). To that end, Plaintiffs cite a panoply of regulations that address federal oversight over Wyoming (rather than project-level oversight). *See, e.g.*, 30 C.F.R. § 773.5, 30 U.S.C. §§ 1253, 1271, 1273.[1] That is, the federal government retains authority over WDEQ while WDEQ functions as the on-the-ground regulator. This point does not undermine or otherwise contradict Federal Defendants' briefing on this topic and has little relevance to the issue of whether Wyoming or Colorado is the most appropriate venue. Indeed, the exhibit Plaintiffs cite to establish the federal government's role emanates from the Casper, Wyoming office of the Office of Surface Mining of the Department of Interior. *See* ECF No. 18-4 at 2 of 33. This document supports transfer.

With respect to air quality, Plaintiffs do not dispute that the state, not the federal agencies, will issue all necessary mining and air quality permits and will take all necessary enforcement actions with regard to those permits. In that regard, as Federal Defendants noted in their briefing, WDEQ acts *qua* regulator of the South Porcupine coal lease after the BLM awards the lease. *See* Record of Decision, ECF No. 6-1 (Ex. A) at 7 ("WDEQ regulates surface coal

---

[1] Plaintiffs cite two regulations pertaining to locatable materials, which are not applicable to coal mining. 36 CFR § 228.8 and 228.13.

mining activities in Wyoming," and acknowledging that the mining permit obtained by the successful bidder will come from WDEQ Land Quality Division). *See e.g.*, ECF No 16-4 (Ex. D), BLM's Response to Public Comments at 7 ("By statute, WDEQ-[Air Quality Division] has the authority and responsibility to require mitigation for air quality impacts. BLM does not have the authority to mitigate air quality impacts.").

In short, Plaintiffs' sur-reply appears to conflate two concepts: federal oversight over federal lands and state regulation of coal mining pursuant to a federal delegation on those lands. With respect to the latter, there is no dispute that Wyoming acts as the day-to-day regulator over coal mining post-leasing in Wyoming. In all events, federal oversight over Wyoming coal regulation largely occurs by Wyoming-based offices of the respective federal agencies, which further supports transfer. Plaintiffs provide no persuasive reason for additional briefing on a transfer motion.[2]  Plaintiffs' motion for leave to file a sur-reply should thus be denied.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' for leave to file a sur-reply.

Respectfully submitted on this 20th day of April, 2012,

                        IGNACIA S. MORENO
                        Assistant Attorney General
                        United States Department of Justice
                        Environment and Natural Resources Division


                          /s/ *Marissa Piropato*
                        MARISSA PIROPATO
                        Trial Attorney (MA Bar #651630)
                        United States Department of Justice
                        Environment & Natural Resources Division

---

[2] There has also been lengthy briefing in connection with Federal Defendants' transfer motion. *See* ECF Nos. 16 & 16-1 (27-page opposition brief and 15-page declaration with legal arguments). At this juncture, it is unclear how additional briefing will assist this Court's determination of whether Wyoming or Colorado is the most appropriate venue.

Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
marissa.piropato@usdoj.gov
(202) 305-0470

Attorney for Federal Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2012, I electronically filed the foregoing notice with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to Plaintiffs' counsel.

/s/ *Marissa Piropato*
MARISSA PIROPATO